KATHLEEN BLISS, ESQ. (NV Bar #7606)
Email: kb@kathleenblisslaw.com
**KATHLEEN BLISS LAW, PLLC**
1070 West Horizon Ridge Parkway, Suite 202
Henderson, Nevada  89012
Tele: (702) 463-9074
-and-
PAUL S. PADDA, ESQ. (NV Bar #10417)
Email: psp@paulpaddalaw.com
DAVID J. STANDER, ESQ. (*Admitted PHV*)
Email: dstanderlaw@gmail.com
**PAUL PADDA LAW, PLLC**
4560 South Decatur Blvd., Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
-and-
DOUGLASS A. MITCHELL, ESQ. (NV Bar #3775)
Email: dmitchell@jenner.com
**JENNER & BLOCK, LLP**
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001-4412
Tele: (202) 639-6090

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NAVAJO HEALTH FOUNDATION – SAGE MEMORIAL HOSPITAL, INC. (doing business as "Sage Memorial Hospital"); an Arizona non-profit corporation,<br><br>                    Plaintiff,<br><br>     vs.<br><br>RAZAGHI DEVELOPMENT COMPANY, LLC; a Nevada limited liability company (doing business as "Razaghi Healthcare"), AHMAD R. RAZAGHI; individually, TAUSIF HASAN; individually, DOES 1-10;<br><br>                    Defendants. | Case No.  2:19-cv-0329-GMN-EJY<br><br>**JOINT STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

1

Pursuant to Federal Rule of Civil Procedure 6 and the Court's Local Rules of Civil Practice ("Local Rule") LR IA 6-1 and LR 26-3, the parties respectfully request that the Court approve this stipulation to extend the current discovery deadlines by 180-days. Respective counsel for the parties concur that "good cause" exists to support the requested extension. This is the parties' first request for an extension of the discovery deadlines.

### A. Discovery Completed To Date

On July 7, 2020 the Court approved a Discovery Plan and proposed Scheduling Order. *See* ECF No. 54. The Court's Scheduling Order established a current discovery cut-off date of December 31, 2020.

Following the issuance of the Scheduling Order, the Parties propounded the following written discovery:

1. On July 8, 2020, Plaintiffs served its initial disclosures;
2. On July 10, 2020, Plaintiff served corrected initial disclosures;
3. On July 10, 2020, Plaintiff first document request on Defendant Razaghi Development Company, LLC;
4. On July 18, 2020, Defendants served their initial disclosures;
5. On July 23 and 24, 2020, Plaintiff issued third-party document subpoenas to Healthcare Appraisers, Inc.; BDO USA, LLC; and The Porter Group.
6. On July 27, 2020, Plaintiff served its second document request on Defendant Razaghi Development Company, LLC;
7. On August 20, 2020, Defendant Razaghi Development Company, LLC served its objections to Plaintiff's first document request;
8. On September 21, 2020, Defendants served their supplemental initial disclosures;
9. On October 2, 2020, Plaintiff served its third document request on Defendant Razaghi Development Company, LLC;
10. On October 7, 2020, Defendant Razaghi Development Company, LLC served its objections to Plaintiff's second document request;

11. On October 8, 2020, Plaintiff issued a third-party subpoena to Wells Fargo Bank, N.A.

The following motions are impacting the completion of discovery. Each motion has been fully brief and is pending before the Court:

1. Defendants' Rule 12(b) motion to dismiss the complaint (ECF No. 46);
2. Defendants' motion to strike portions of the complaint (ECF No. 47);
3. Defendants' motion to stay discovery (ECF No. 56);
4. Defendants' Rule 26(c) motion for a protective order concerning the third-party subpoenas to Healthcare Appraisers, BDO USA, and The Porter Group (ECF No. 72);
5. Plaintiff's motion to amend the complaint (ECF No. 76);
6. Plaintiff's motion to compel production of document responsive to its first document request (ECF No. 98).

**B.  Discovery That Remains To Be Completed**

There is significant discovery that remains to be completed in this case by both sides, much of which is dependent on resolution of the pending motions identified above. Once the pending motions are resolved, the parties will be propounding additional written discovery in the form of follow-up document requests, interrogatories and requests for admissions. In addition, the parties cannot retain experts until they receive discovery and disclosure in this matter.

There are numerous fact witnesses in this case that will also need to be deposed. It is anticipated that those depositions will occur once the parties have fully propounded written discovery.

**C.  Reasons Why Discovery Period Needs To Be Extended**

Given the relief sought in the pending motions, the current discovery period in this case needs to be extended to provide the parties with sufficient time to complete discovery after the motions have been resolved. Among other things, the parties will not be able to retain experts or properly depose fact witnesses until additional discovery has been completed and disclosures

have been made. Nor will the parties be able to properly determine the scope of discovery until the pending motions are resolved.

The current period remaining before the expiration of discovery will not afford the parties sufficient time to retain experts, depose all witnesses and litigate the issues pending before the Court.

**D. Proposed Schedule For Completing All Remaining Discovery**

The parties agree to the following modification of the discovery plan, specifically paragraph 4 of that plan, and hereby propose the following deadlines:

| **Event** | **Current Deadlines** | **Proposed Deadlines** |
|---|---|---|
| A. Discovery Cut-Off | December 31, 2020 | June 29, 2021 |
| B. Amendment to Pleadings | October 2, 2020 | April 30, 2021 |
| C. Expert Disclosures | November 2, 2020 | April 30, 2021 |
| D. Rebuttal Experts | December 1, 2020 | May 31, 2021 |
| E. Dispositive Motions | February 1, 2021 | July 29, 2021 |
| F. Pre-Trial Order | March 1, 2021 | August 30, 2021[1] |

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

---

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30-days after decision on the dispositive motions or further court order. See LR 26-1(b)(5).

4

The parties respectfully request that the Court approve this proposed modification which requests a 180-day extension of the current discovery period.

/s/ *Kris Leonhardt*
_____
Pavneet S. Uppal, Esq.
Kris Leonhardt, Esq.
Brian L. Bradford, Esq

*Counsel for Razaghi Development Company, LLC*

Dated: October 28, 2020

/s/ *Paul S. Padda*
_____
Kathleen Bliss, Esq.
Paul S. Padda, Esq.
David Stander, Esq.
Douglass A. Mitchell, Esq.

*Counsel for Christi El-Meligi, Netrisha Dalgai and Navajo Health Foundation – Sage Memorial Hospital, Inc.*

Dated: October 28, 2020

**IT IS SO ORDERED:**

_____
**ELAYNA J. YOUCHAH**
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** Oct. 29, 2020