UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NAVAJO HEALTH FOUNDATION – SAGE MEMORIAL HOSPITAL, INC. (doing business as "Sage Memorial Hospital"); an Arizona non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAZAGHI DEVELOPMENT COMPANY, LLC; a Nevada limited liability company (doing business as "Razaghi Healthcare"), AHMAD R. RAZAGHI; individually, TAUSIF HASAN; individually, DOES 1-10; ROES A-Z;<br><br>Defendants. | Case No. 2:19-cv-00329-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for 3-day Extension of Time to File a Case Management Report and Discovery Plan (ECF No. 171) filed on March 7, 2022; Defendants' Response thereto; and Defendants' Request for Order that Plaintiff[] Circulate Proposed Case Management Report and Discovery Plan and Participate in Joint Conference. This response was filed on March 8, 2022. ECF No. 172. Preceding these filings was Defendants' Motion to Stay Discovery (ECF No. 170) filed on March 7, 2022.

The Court notes that a motion to stay discovery is one that is not automatically granted and did not stay any proceedings upon its filing. In order to prevail on a motion to stay discovery a party must demonstrate certain criterias are met. This includes that there is a pending dispositive motion that will resolve the entirety of a case (or all disputed issues), and the pending motion can be decided without discovery. *Tradebay LLC v. Ebay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011). The party moving for the stay "carries the heavy burden of making a strong showing why discovery should be denied." *Id*. at 601 (citation omitted).

Here, of course, the Motion to Stay Discovery is one day old and certainly not yet decided by the Court. Thus, the parties must proceed with discovery, as well as the discovery process, until

1

an order to the contrary is entered by the Court.  Plaintiff's request for an extension of time to file a discovery plan and scheduling order, while understood from a timing prospective, should, ideally, have been discussed with opposing counsel before filing.  LR IA 6-1(a); LR 16-1(d); LR 26-6(c).

As stated by Defendants, they do not oppose an extension of time to submit joint case management report and proposed discovery plan, but seek an order requiring this to be done jointly. Specifically, Defendants seek a two week extension from the entry of the Court's ruling to submit the management report and proposed plan.  Defendants also seek an order requiring Plaintiff to circulate the report and plan at least one week before it is to be submitted to the Court, and that this process should, presumably, be preceded by a conference attended by the parties. ECF No. 172 at 1.  However, before Plaintiff would agree to participate in a case management conference, it required Defendants to "move to withdraw" the filed Motion to Stay Discovery.  *Id*. at 4.

The Court does not agree and will not order a motion to stay discovery be withdrawn before parties are required to engage in a professional, cordial, and required efforts to develop a case management and discovery plan and scheduling order.  Indeed, there is no Rule of Civil Procedure or case law pertaining to discovery that suggests a party to litigation must withdraw its motion to stay discovery before the opposing party is required to engage in good faith attempts to develop a discovery or case management plan.  A party, in fact, must engage in good faith efforts to discuss discovery and case management with an opposing party irrespective of a motion to stay.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for 3-day Extension of Time to File a Case Management Report and Discovery Plan (ECF No. 171) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the parties shall meet and confer either through video conference or in person (and not by telephone only) regarding the preparation of a case management plan, proposed discovery plan, and proposed scheduling order no later than **March 22, 2022**.

IT IS FURTHER ORDERED that the parties shall submit a **joint** case management report and proposed discovery plan and scheduling order no later than **March 31, 2022**.  If the parties cannot agree on any one or more issues to be presented, the parties **shall** present their respective positions in the joint filing and not in separate filings.

IT IS FURTHER ORDERED that if the parties are unable to agree on case management and a discovery plan and scheduling order as may be evidenced in their **March 31, 2022** filing, the Court will set a hearing at which time the disagreement will be considered and ruled upon.

DATED this 8th day of March, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE